2013 CO 65

**IN RE The PEOPLE of the State of Colorado, Petitioner**

**IN the INTEREST OF A.A., Child.**

**Supreme Court Case No. 13SA107**

Supreme Court of Colorado.

November 12, 2013

Attorneys for Petitioner: Dave Young, District Attorney, Seventeenth Judicial District, Brett Martin, Deputy District Attorney, Brighton, Colorado

Attorneys for Respondent: Douglas Wilson, Colorado State Public Defender, Jessica Valdivia–Luna, Deputy State Public Defender, Brighton, Colorado

JUSTICE COATS delivered the Opinion of the Court.

¶ 1 The People petitioned pursuant to C.A.R. 21 for relief from an in limine ruling of the juvenile court allowing the introduction of testimony by the juvenile's psychological expert without regard for the court-ordered examination mandated by section 16–8–107, C.R.S. (2013). The lower court reasoned that in the absence of any provision of the Criminal Procedure Code specifying otherwise, the requirements of section 16–8–107 did not apply to delinquency proceedings.

¶ 2 Because the Colorado Code of Criminal Procedure, title 16 of the revised statutes,

expressly provides that it will not apply to proceedings under the Colorado Children's Code except as specifically set forth in the Criminal Procedure Code itself, and because no provision of the Criminal Procedure Code suggests that section 16–8–107 was intended to apply to proceedings under the Children's Code, the ruling of the juvenile court is approved, and the Rule is discharged.

## I.

¶ 3 In December 2010, the district attorney filed a petition in delinquency alleging that A.A. committed sexual assault on a child, as proscribed by section 18–3–405(1), C.R.S. (2013). More specifically, the petition alleged that on or about July 26, 2010, the juvenile subjected one of his neighbors, who was less than 15 years of age and at least four years younger than him, to sexual contact. A question as to the juvenile's competency to proceed was raised in pre-trial hearings. Notwithstanding an assessment of incompetency by the juvenile's own psychological expert, the district court ultimately determined that the juvenile was competent to proceed, and the matter was set for trial.

¶ 4 When the juvenile's endorsement of witnesses for trial included the psychological expert who determined the juvenile was incompetent, the People moved in limine to preclude her from offering any expert testimony regarding the juvenile's mental condition on the grounds that the juvenile had not undergone the court-ordered examination required by section 16–8–107, C.R.S. (2013), as a prerequisite to such testimony in criminal trials.[1] The juvenile court ultimately denied the motion, finding that in the absence of some provision of the Code of Criminal Procedure specifically making section 16–8–107 applicable to proceedings under the Children's Code, the procedural prerequisites of

the statute were inapplicable to juvenile delinquency proceedings.

¶ 5 The People petitioned this court pursuant to C.A.R. 21 for immediate review of the juvenile court's ruling.

## II.

¶ 6 Articles 1 to 13 of title 16 of the revised statutes are designated the "Colorado Code of Criminal Procedure." § 16–1–101(1), C.R.S. (2013). Article 8 is devoted to questions of insanity and competency as well as various procedural and evidentiary matters related to them. See §§ 16–8–101 to –122, C.R.S. (2013). Section 16–8–107 provides prerequisites for the introduction of certain evidence of a criminal defendant's mental processes or condition, including a bar to the introduction of evidence by the defendant "in the nature of expert opinion concerning his or her mental condition without having first given notice to the court and the prosecution of his or her intent to introduce such evidence and without having undergone a court-ordered examination pursuant to section 16–8–106." § 16–8–107(3)(b).

¶ 7 Among its "General Provisions," the Criminal Procedure Code expressly indicates that the provisions of the code will not be applicable to proceedings under the Colorado Children's Code, which includes juvenile delinquency proceedings, see §§ 19–2–101 to –1305, C.R.S. (2013), except as specifically set forth in the Criminal Procedure Code itself. § 16–1–102, C.R.S. (2013).[2] Section 16–8–107 is clearly a provision of the Criminal Procedure Code. The People have not directed us to, nor can we discern, any suggestion among the provisions of the Criminal Procedure Code to the effect that the limitations of section 107 were intended to apply to proceedings under the Children's Code in general, much less delinquency proceedings

---

1. Below the People actually asserted more broadly that admissibility of expert testimony concerning the juvenile's diagnoses and the impact they had on the juvenile's mental state on the date of the offense are governed by the pleading requirements of sections 16–8–101 to –122, C.R.S. (2013), and even if such evidence did not amount to a defense of insanity or impaired mental condition, the admissibility of any expert testimony of a juvenile's mental condition would

still be governed by section 16–8–107(3)(b), requiring a court-ordered examination before such evidence could be admissible.

2. "Except as specifically set forth in this code, the provisions of this code are not applicable to proceedings under the 'Colorado Children's Code' or to violations of municipal charters or municipal ordinances." § 16–1–102.

in particular. Quite the contrary, the People's contention that section 16–8–107 is applicable to delinquency proceedings derives from language contained not in the Criminal Procedure Code but rather in the Children's Code.

¶ 8 More specifically, the People point to language in the Children's Code indicating that "[a]ll statutes and rules of this state that apply to evidentiary considerations in adult criminal proceedings shall apply to proceedings under this title except as otherwise specifically provided." *See* § 19–2–802(1), C.R.S. (2013). While this broad inclusionary provision of the Children's Code would appear to comprehend not only those codes or bodies of statutes or rules expressly devoted to the admission of evidence at trial, like the Colorado Rules of Evidence, but also isolated evidentiary provisions found in largely procedural codes, like the Code of Criminal Procedure, it nevertheless makes exception for those statutes and rules specifically providing otherwise. And unlike this inclusionary formulation in the Children's Code, the exclusionary formulation of the Criminal Procedure Code expressly makes inapplicable to Children's Code proceedings any of its provisions as to which the Criminal Procedure Code itself fails to provide otherwise.

¶ 9 The scope or applicability provisions of these two codes therefore do not present circular or conflicting exceptions at all, but rather dovetail to produce a clear answer to the question of the applicability of section 16–8–107. The Children's Code makes applicable to its own proceedings only those evidentiary statutes as to which nothing specifically provides otherwise. In the absence of a provision set forth in the Criminal Procedure Code specifically making section 16–8–107 applicable to Children's Code proceedings, section 16–1–102 specifically provides otherwise. *Cf. People in the Interest of W.P.*, 2013 CO 11, ¶ 33, 295 P.3d 514 (finding article 8.5 governing competency inapplicable to the Children's Code in light of section 16–1–102 and absence of specific applicability provision).

[2, 3] ¶ 10 The People further assert that if section 16–1–102 is interpreted to render inapplicable to the Children's Code any provision of the Criminal Procedure Code as to which no provision in the code specifies otherwise, a number of other provisions, both evidentiary and procedural, will be rendered inapplicable to proceedings under the Children's Code, contrary to the expectations of the legislature. Legislative expectation or intent, however, is determined, first and foremost, by the language the legislature has actually chosen to express itself. *Dep't of Transp. v. Gypsum Ranch Co.*, 244 P.3d 127, 131 (Colo.2010) ("A court's objective in interpreting statutes must be to determine legislative intent, as expressed in the language the enacting body has chosen to use in the statute itself."). If the language of a statute is susceptible of more than one reasonable interpretation, it is considered ambiguous, and in that case, a number of intrinsic and extrinsic aids to construction may be consulted to help determine which of those reasonable interpretations is the appropriate one. *Id.* If, however, the language of the statute does not admit of more than one reasonable interpretation, and is therefore unambiguous, that sole reasonable interpretation must stand as the meaning of the statute, without further attempts at construction. *B.G.'s, Inc. v. Gross ex rel. Gross*, 23 P.3d 691, 694–95 (Colo.2001).

[4] ¶ 11 As we have noted elsewhere, the meaning of a statute is no less plain or unambiguous merely because the statute is complex or relates itself to other expressly referenced statutory provisions or definitions. *See Pham v. State Farm Auto. Ins. Co.*, 2013 CO 17, ¶ 13, 296 P.3d 1038; *Thomas v. F.D.I.C.*, 255 P.3d 1073, 1078 (Colo. 2011) ("[C]omplexity is not ambiguity."). Quite the contrary, although it may at first glance appear otherwise, expressly identifying in one provision the extent to which exceptions in related provisions will be cognizable can actually be a technique for reducing ambiguity and avoiding conflict with the related provisions. In light of the exclusionary language of section 16–1–102 and the absence of any provision of title 16 specifying otherwise, the Criminal Procedure Code clearly specifies that section 16–8–107 does not apply to the Children's Code. Because section 19–2–802(1) is harmonious, rather

than conflicting, with section 16–1–102, the evidentiary prerequisites of section 16–8–107 are unambiguously inapplicable to the delinquency proceeding at issue here. The statutory language chosen by the legislature is therefore dispositive of legislative intent, without reference to extrinsic aids to construction.

## III.

¶ 12 Because the Colorado Code of Criminal Procedure, title 16 of the revised statutes, expressly provides that it will not apply to proceedings under the Colorado Children's Code except as specifically set forth in the Criminal Procedure Code itself, and because no provision of the Criminal Procedure Code suggests that section 16–8–107 was intended to apply to proceedings under the Children's Code, the ruling of the juvenile court is approved, and the Rule is discharged.